UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY BERKSHIRE,

        Plaintiff,        Case No. 1:10-cv-942

v.        Honorable Robert Holmes Bell

CINDI CURTIN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Curtin, McDonald and Sharp. The Court will serve the complaint against Defendants Sanders and Young.

**Discussion**

I.   Factual allegations

Plaintiff Randy Berkshire presently is incarcerated at the Oaks Maximum Correctional Facility(ECF). He sues the following ECF employees: Warden Cindi Curtin; Grievance Coordinator M.E. McDonald; Assistant Deputy Wardens R. Sanders and Rick Sharp; and Health Unit Manager Anita Young.

On August 4, 2010, following an interview by the Security Classification Committee, Defendant Sanders informed Plaintiff that he would be released from segregation at the end of 30 days. Between August 6 and August 30, 2010, Plaintiff filed a variety of grievances, some of which were brought against Defendant Sanders. On August 30, 2010, Plaintiff was again interviewed by the Security Classification Committee headed by Defendant Sanders. At that interview, Sanders informed Plaintiff that "grievances don't work here at ECF." (Am. Compl., docket #4, Page ID#13.) Sanders then ordered Plaintiff to continue another 60 days in segregation. Plaintiff continued to litigate various matters, including filing complaints in this Court and in the 19th Circuit Court for Benzie and Manistee Counties. On September 29, 2010, he was interviewed again by the Security Classification Committee. At that interview, Defendant Sanders told him immediately that he would be ordered to continue in administrative segregation for another six months without intervening reviews. Sanders allegedly ignored repeated recommendations from Plaintiff's therapist that Plaintiff be placed in an outpatient mental health unit where he could receive appropriate treatment.

On August 16, 2010, Plaintiff filed two grievances against Grievance Coordinator McDonald, alleging violations of the grievance policy. On August 17, 2010, Defendant McDonald

recommended that Plaintiff be placed on modified access to the grievance process.[1] Thereafter, Plaintiff requested grievance forms from Defendant McDonald on numerous occasions, but McDonald rejected all of his requests.

Plaintiff filed two grievances on August 15, 2010, both against Defendant Sharp. Plaintiff alleges that Sharp is McDonald's supervisor and that he was responsible for reviewing all Step I grievance responses before the grievance was returned to the grievance coordinator. Plaintiff alleges that Defendant Sharp is liable for McDonald's actions because he failed adequately to supervise McDonald.

In his next claim, Plaintiff contends that he filed a complaint with Defendant Warden Curtin on August 9, 2010, in which he complained about the conditions of the cells that could pose a danger to prisoners from excessive heat. Curtin did not respond to the complaint. Plaintiff alleges that Warden Curtin is failing to meet her duties to enforce MDOC policies and to ensure the safety of staff and prisoners. Plaintiff filed a grievance against Curtin on August 13, 2010, alleging that Curtin had committed misconduct by not investigating Plaintiff's complaints. On August 17, 2010, Curtin signed Defendant McDonald's request to place Plaintiff on modified grievance access. Plaintiff subsequently complained to Plaintiff that McDonald was wrongfully refusing Plaintiff's requests for grievance forms.

---

[1] Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ HH. (eff. July 9, 2007). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ KK.

Plaintiff next alleges that he complained to Health Unit Manager Anita Young on August 11, 2010 requesting urgent medical assistance. Plaintiff complained that the temperature in the segregation cells reached as high as 100°, because neither the windows in the cells nor the tray slot are opened to allow circulation and the ventilation duct is blocked. Plaintiff received no response. He filed a grievance, and, on August 18, 2010, Donald Dine reviewed the request and followed up with health care. Plaintiff was informed that health care had not received the request. Plaintiff filed another request for urgent assistance on August 19, 2010. That complaint also went unacknowledged. Plaintiff alleges that the heat caused him severe headaches, excessive heartrate, excessive sweating, dehydration, fatigue, disorientation, confusion and fluctuating mood. He also could not sleep and lost his appetite, causing a 20-pound weight loss between July 27, 2010, when he arrived at ECF, and August 19, 2010. Finally, he contends that he is more susceptible to heat-related illness because he takes psychotropic medications.

For relief, Plaintiff seeks an injunction barring interference with his ability to litigate, together with damages to be allocated to the victim of his crime and to his court costs.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Curtin and Sharp

Plaintiff fails to make specific factual allegations against Defendants Curtin and Sharp, other than his claim that they failed to conduct an investigation in response to his complaints and grievances or otherwise negligently failed to supervise their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of

respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Curtin and Sharp, by denying or ignoring his complaints, engaged in any active unconstitutional behavior. He also alleges that Defendant McDonald failed to properly respond to his grievances.

### B. Defendant McDonald

Plaintiff complains that Defendant McDonald improperly took no action when she served as the Step I respondent on one or more of Plaintiff's grievances. As previously discussed, § 1983 liability may not be imposed solely because a grievance responder denies a grievance or fails to act on the information in the grievance. *See Shehee*, 199 F.3d at 300. As a result, Plaintiff fails to allege that McDonald engaged in active unconstitutional behavior when she denied the grievance.

Plaintiff next alleges that Defendant McDonald violated MDOC policy when she denied him grievance forms or otherwise handled Plaintiff's grievance requests. Defendant McDonald's alleged failure to comply with an administrative rule or policy does not itself rise to the

level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, Plaintiff had no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants McDonald's conduct did not deprive him of due process. Plaintiff therefore fails to state a due-process claim against McDonald.

Finally, to the extent that Plaintiff intends to allege that McDonald retaliated against him by placing him on modified grievance access, he fails to state a claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an

adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). Plaintiff therefore has sufficiently alleged the first element of his retaliation claim. However, Plaintiff's retaliation claim against Defendant McDonald fails because placement on modified access is not sufficiently adverse to deter an ordinary person from engaging in protected conduct. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. 2001). Modified access does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances or to bring his claims to federal court. Section 1997e(a) of Title 42, United States Code requires prisoners to exhaust "such administrative remedies as are available" prior to filing suit in federal court. If a prisoner has been placed on modified access to the grievance procedure and attempts to file a grievance which is deemed to be non-meritorious, he has exhausted his "available" administrative remedies as required by § 1997e(a). *Kennedy*, 20 F. App'x at 470. Consequently, Plaintiff's placement on modified access cannot prevent him from filing claims in federal court. Rather, it merely requires the prisoner to obtain permission from the grievance coordinator to file

a grievance. *See id.* at 471; *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *2 (6th Cir. Feb. 1, 1996). Thus, Plaintiff's retaliation claim against Defendant McDonald is without merit.

### C. Remaining Defendants

The Court concludes that Plaintiffs claim of retaliation against Defendant Sanders and his Eighth Amendment claim against Defendant Young are sufficient to warrant service of the complaint.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Curtin, McDonald and Sharp will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the amended complaint against Defendants Sanders and Young.

An Order consistent with this Opinion will be entered.


Dated: April 28, 2011                                   /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE