UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY BERKSHIRE, #371645,

    Plaintiff,

v.

ROBERT SANDERS, et al.,

    Defendants.
_____/

File No. 1:10-CV-942

HON. ROBERT HOLMES BELL

## O P I N I O N

On June 14, 2012, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiff Randy Berkshire's claims for injunctive relief be dismissed as moot, that Defendants' motions for summary judgment be granted, and that final judgment be entered in Defendants' favor on all of Plaintiff's damage claims. (Dkt. No. 81, R&R.) After obtaining an extension of time to file objections, (Dkt. No. 85), Plaintiff timely filed objections to the R&R on July 18, 2012. (Dkt. No. 88.) Plaintiff has also filed motions and an appeal pertaining to discovery issues. (Dkt. Nos. 86, 87, 90, 95.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). To the extent Plaintiff's objections concern the magistrate judge's resolution of non-dispositive pretrial matters, such non-dispositive orders should be modified or set aside on review by the district court only if they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a).

Plaintiff's first objection is to the R&R's characterization of his attack on the other prisoner as a "brutal" attack with a "weapon" because Plaintiff was found guilty of a simple assault and battery, rather than the more serious offenses of assault resulting in serious physical injury or possession of a weapon. On *de novo* review, the Court is satisfied that the R&R does not mischaracterize the facts. Plaintiff was classified to segregation after being found guilty of a major misconduct for swinging a lock on a belt and hitting another prisoner in the head, causing lacerations that required sutures. (Dkt. No. 4, Page ID#55). Based on this unrebutted evidence, Plaintiff's conduct was reasonably characterized in the R&R as a brutal attack with a weapon.

Plaintiff also objects to the R&R's statement that his underlying conviction was for assault with a "deadly" weapon. Plaintiff contends that he was only convicted of assault with a "dangerous" weapon. Plaintiff's underlying conviction was for felonious assault, which is assault "with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other

2

dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder." Mich. Comp. Laws § 750.82(1). Under Michigan law, "a dangerous weapon is any object that the defendant uses as a weapon and is capable of causing death or serious injury." *People v. Morgan*, No. 294591, 2010 WL 4774479, at *2 (Mich. Ct. App. Nov. 23, 2010); *see also People v. Goolsby*, 284 Mich. 375, 378 (1938) (holding that a dangerous weapon within the meaning of the felonious assault statute, M.C.L. § 750.82, is one that is deadly or capable of inflicting serious injury). Both the terms deadly weapon and dangerous weapon are encompassed by the felonious assault statute, and the terms are used interchangeably. Accordingly, it was not error for the R&R to describe Plaintiff's underlying conviction as assault with a deadly weapon.

To the extent Plaintiff objects to the entry of summary judgment because he was not appointed counsel, the objection lacks merit. The Magistrate Judge denied Plaintiff's motion for appointment of counsel. (Dkt. No. 8, Mot.; Dkt. No. 36, Order.) Plaintiff did not appeal that order, so it was not error for the Magistrate Judge to proceed on the motions for summary judgment without the appointment of counsel. Moreover, the Court agrees with the Magistrate Judge's determination that the assistance of counsel was not necessary to the proper presentation of Plaintiff's position. (Dkt. No. 36, Order 2.)

In his second objection, Plaintiff contends that summary judgment was improper because he has not had an opportunity to complete discovery. Plaintiff was allowed discovery. (Dkt. No. 53.) Although Plaintiff was not satisfied with some of Defendants'

3

responses to his interrogatories, the Magistrate Judge determined that Defendants had complied with the discovery order, and denied Plaintiffs' motions for contempt, for reconsideration, for default judgment, and to compel. (Dkt. No. 80, Order.) Plaintiff has not shown that the Magistrate Judge's resolution of the discovery issues was clearly erroneous or contrary to law. Accordingly, Plaintiff's contention that he has not had an opportunity to complete discovery lacks merit.

Plaintiff's third objection is based on the Magistrate Judge's failure to accept unsworn statements from Plaintiff's three prisoner witnesses. Pleadings filed by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se litigant is still required to comply with the basic rules of the court. *Fitts v. Sicker*, 232 F. App'x 436, 441 (6th Cir. 2007) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). A party who opposes a motion for summary judgment by asserting that there are genuine issues of disputed fact must support that assertion by citing to the kinds of materials described in Rule 56(c). The Magistrate Judge correctly determined that unsworn statements are not sufficient to show that there are genuine issues of fact in dispute.

Plaintiff also objects to the Magistrate Judge's refusal to assist Plaintiff in locating and serving a declaration on Plaintiff's former primary therapist. (Dkt. No. 46, Mot. in Support of Declaration.) In denying Plaintiff's motion, the Magistrate Judge stated that Plaintiff is responsible for conducting his own discovery. Plaintiff did not appeal the order, and, in any

4

event, the order is neither clearly erroneous nor contrary to law.

Plaintiff's fourth objection concerns his Eighth Amendment claims against Defendant Young. Plaintiff objects to the Magistrate Judge's characterization of his cell conditions as "uncomfortably warm" rather than "extremely hot and humid." This characterization is not material to the Magistrate Judge's recommendation. The Magistrate Judge's determination was based on the undisputed evidence that Plaintiff was only exposed to temperatures in excess of 90-degrees on a few summer days. The Court agrees with the Magistrate Judge's determination that the brief period of time Plaintiff was exposed to high temperatures was not the kind of extreme deprivation that would satisfy the objective component of Plaintiff's Eighth Amendment conditions of confinement claim. Moreover, even if there was a question of fact as to the objective component of his Eighth Amendment claim, the Magistrate Judge also recommended that Defendant Young be granted summary judgment because Plaintiff did not present evidence sufficient to support the subjective component of either his deliberate indifference to serious medical needs or his conditions of confinement claim. Plaintiff has not objected to this determination which is itself sufficient to support summary judgment in favor of Defendant Young.

Plaintiff's fifth objection is to the Magistrate Judge's alternative determination that Defendant Young was entitled to judgment on the Eighth Amendment claims because Plaintiff failed to exhaust his administrative remedies. Plaintiff contends that he attempted to comply with the grievance procedures, but that he was precluded form doing so by the

5

grievance coordinator, who refused to provide him Step II grievance forms. Plaintiff's August 10, 2010, grievance regarding cell temperatures (ECF-2010-82633-28I) was denied at Step I because Plaintiff did not attempt to resolve the issue prior to filing the grievance. (Dkt. No. 4-2, ID#33.) Plaintiff's August 16, 2010, grievance regarding cell temperatures (ECF-2010-08-2638-26I) (Dkt. No. 4-2, ID#43) was denied at Step I because Plaintiff had not allowed sufficient time for a response to his kite. Plaintiff's contention that he was precluded from going to Step II of the grievance procedure does not address his failure to meet the Step I requirements. In addition, Plaintiff's objection does not address the R&R's finding that Plaintiff failed to repeat his request for an appeal form or seek relief from the applicable appeal deadlines.

Plaintiff's sixth objection is directed to the Magistrate Judge's recommendation that Defendant Young be granted summary judgment because Plaintiff did not submit sufficient medical evidence to support his Eighth Amendment deliberate indifference claim. Plaintiff contends that he is not a medical expert and does not have the ability to investigate such facts. He accordingly contends that his failure to produce medical evidence should be excused, or that the Court should appoint an expert on his behalf at Defendants' expense. Plaintiff's objection lacks merit. Plaintiff did not move for appointment of an expert witness, nor did he make a colorable showing that his medical theory warrants the appointment of an expert witness.

6

In his seventh objection, Plaintiff contends that the Magistrate Judge improperly made credibility determinations and decided disputed facts. The Court disagrees. Defendant Sanders's statement that Plaintiff was continued in administrative segregation based on his current misconduct and his prior assaultive misconducts was not inconsistent with the statement on the Security Reclassification Notice and Segregation Behavior Review forms that Plaintiff was classified to administrative segregation because of his demonstrated inability to be managed with group privileges. To the extent Plaintiff complains about his continuation in administrative segregation after September 29, 2010, those contentions go beyond the scope of Plaintiff's complaint. (Dkt. No. 4, Am. Compl. ¶ 1; Dkt. No. 36, Order Denying Mot. to Supp. Compl.) On *de novo* review, the Court is satisfied that the R&R applied the correct summary judgment standards and correctly determined that there are no genuine issues of material fact for trial and that Defendants are entitled to judgment as a matter of law. The Court will accordingly adopt the R&R and enter summary judgment for Defendants.

An order consistent with this opinion will be entered.


Dated: September 27, 2012            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE